IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK DePASQUALE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PROGRESSIVE SPECIALTY INSURANCE COMPANY,<br><br>　　　　　Defendant. | )<br>)  2:19-cv-01240-RJC<br>)<br>)<br>)  Judge Robert J. Colville<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER OF COURT

Before the Court is the Motion for Leave to Re-Depose the Plaintiff (ECF No. 48) filed by Defendant Progressive Specialty Insurance Company ("Progressive"). The relevant briefing with respect to Progressive's Motion consists of a Progressive's Brief in Support (ECF No. 49), a Response (ECF No. 50) and Brief in Opposition (ECF No. 51) filed by Plaintiff Mark DePasquale ("DePasquale"), a Joint Status Report (ECF No. 53) filed jointly by the parties in response to this Court's November 24, 2020 Order of Court (ECF No. 52), and Progressive's Reply (ECF No. 54). Progressive's Motion has been fully briefed, and is now ripe for disposition.

Where the parties have not stipulated to a deposition and the proposed deponent has already been deposed, a party must obtain leave of court to depose that individual. Fed R. Civ. P. 30(a)(2)(A)(ii). "[T]he court must grant leave to the extent consistent with Rule 26(b)(1) and (2)." *Id.* Fed R. Civ. P. 30(a)(2)(A)(ii). "Like most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." *York Grp., Inc. v. Pontone*, No. 2:10-CV-1078-JFC, 2012 WL 12895532, at *1 (W.D. Pa. Sept. 27, 2012) (citing *Bonnie & Co. Fashions,*

1

*Inc. v. Banker's Trust Co.*, 945 F. Supp. 693, 732 (S.D.N.Y. 1996)).  Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

While the discovery sought by Progressive is not outside the scope permitted by Fed. R. Civ. P. 26(b)(1), the Court finds that this discovery can be obtained in a more convenient and less burdensome manner.  Given that DePasquale is currently in Florida and his counsel is in Pittsburgh, Resp. in Opp'n ¶ 13, ECF No. 50, and given counsel's representation that one of them will be required to travel for purposes of even a video deposition, Status Report Ex. A, ECF No. 53, the Court finds that a second deposition presents a burden for DePasquale, especially in light of the present public-health crisis involving COVID-19.

The Court further notes that no new claims or allegations have been asserted since DePasquale was originally deposed.  Further, the three issues that Progressive wishes to further

develop through discovery,[1] specifically "(1) whether Plaintiff was the owner of the 1998 Chevrolet Silverado pickup truck; (2) whether Plaintiff's use of the pickup truck would qualify as 'regular use' under the policy; and (3) the extent of Plaintiff's knowledge respecting what coverage he had waived," are also asserted to be the basis for Progressive's original Motion for Summary Judgment, which was filed after DePasquale's first deposition.  *See* Mot. ¶ 3, ECF No. 48 ("On February 20, 2020, Progressive filed its Motion for Summary Judgment, arguing that (1) the plain language of the Progressive Policy excluded UIM coverage, as *Plaintiff owned the vehicle he was in* at the time of the accident, under a different policy; (2) the plain language of the Progressive policy excluded UIM coverage, as *Plaintiff regularly used the vehicle*; and (3) the holding in *Gallagher v. GEICO Indemnity Company*, 201 A.3d 131 (Pa. 2019) did not alter the conclusion that Plaintiff was not entitled to UIM coverage under the Progressive policy." (emphasis added)). The Court thus concludes that Progressive had the opportunity to seek this information during DePasquale's first deposition, and that the discovery sought by Progressive's Motion is, at least to some degree, duplicative and cumulative.  *See also* Resp. in Opp'n Ex. A-C, ECF No. 50 (DePasquale's prior deposition testimony wherein DePasquale is questioned regarding ownership and use of the vehicle at issue).

DePasquale has stated that he will answer written interrogatories with respect to the specific issues raised in Progressive's Motion.  Br. in Opp'n 2, ECF No. 51.  The Court finds that the service of written interrogatories is, at this time, a more convenient and less burdensome manner in which to proceed with the discovery sought by Progressive in its Motion.  For all of the reasons discussed above, the Court finds that granting leave for Progressive to conduct a second

---

[1] And further states that "[i]t was not possible for Defendant to anticipate, at the time of Plaintiff's original deposition, that the Court would wish to know these specific answers before ruling on the Motion for Summary Judgment."  Br. in Supp. 4, ECF No. 49.

deposition of DePasquale would not be consistent with Rule 26(b)(2).  Accordingly, it is hereby ORDERED that Progressive's Motion for Leave to Re-Depose the Plaintiff is denied.  It is hereby further ORDERED that Progressive may pursue the discovery sought by way of its Motion through the service of written interrogatories concerning the matters of inquiry set forth in Progressive's Motion.  To the extent that the parties believe any follow-up discovery is necessary, the Court anticipates that the parties will first confer in an attempt to reasonably address such issues prior to seeking Court intervention

                    BY THE COURT:

                    s/*Robert J. Colville*_____
                    Robert J. Colville
                    United States District Court Judge

DATED: December 3, 2020

cc/ecf: All counsel of record